UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 98-48 T |
| | : | CR 02-56 T[1] |
| MICHAEL AMARAL | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the motion of Defendant Michael Amaral ("Defendant") to stay enforcement of the fine resulting from his conviction in the matter of United States v. Michael Amaral, CR 98-48 T.[2] This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings of fact and recommended disposition. A hearing on the motion was conducted on April 12, 2006, with Defendant participating via telephone from the Federal Correctional Institution in Otisville, New York, where he is incarcerated. For the reasons stated herein, I recommend that the motion to stay enforcement be denied.[3]

---

[1] In his December 17, 2005, letter to Chief Judge Ernest C. Torres, which the Court treats as a motion, Defendant states that he seeks to stay enforcement of the fine which Judge Torres imposed in CR 02-56 T. Letter to Torres, C.J., from Defendant of 12/17/05 ("Motion") at 1. However, it is clear from Defendant's Affidavit in Support of Motion to Adjust Fine Payment, the Government's Objection to Defendant's Motion[] to Adjust Fine Payment, and the information provided by Defendant at the April 12, 2006, telephonic hearing that the fine at issue was imposed in CR 98-48 T.

[2] See n.1.

[3] Although Defendant's Motion seeks an order barring the U.S. Attorney's Office from "enforcing the fine provisions of my sentence ...," Motion at 1, the Court determined at the April 12, 2006, hearing that Defendant disputes the amount of the fine. Thus, in recommending that the Motion be denied, the Court agrees with the Government that Judge Torres fined Defendant $6,693.28 and imposed a special assessment of $700.00. The Court rejects Defendant's contention that Judge Torres imposed a fine of only $5,993.28 and a special assessment

**Facts and Travel**

On or about December 17, 2005, Defendant sent a letter to Chief Judge Ernest C. Torres, asking that his letter be treated a as a motion to stay enforcement of the fine provisions of his sentence. See Letter to Torres, C.J., from Defendant of 12/17/05 ("Motion") at 1. In the Motion, Defendant indicated that the U.S. Attorney's Office was improperly attempting to collect the outstanding fine and continuing to add interest to the fine even though the Court had stayed Defendant's obligation to make payment until he was again on supervised release status. See id. Defendant requested that the Court stay collection of the fine and the accrual of interest until he returns to "Supervised Release or in the alternative hold a hearing to decide what rules should apply." Id.

The Government filed an objection to the Motion on February 21, 2006. See Government's Objection to Defendant's Motion[1] to Adjust Fine Payment ("Objection"). In a memorandum filed in support of its Objection, the Government stated:

> **The defendant argues that the fine payments and interest accrual are stayed pending his release from incarceration. The government agrees.** Since the defendant's supervised release was revoked on February 14, 2003, both the interest accrual and the monthly payments are stayed pending release from incarceration. However, once he is released, the fine for the cost of supervision, plus additional interest will be due, and the government's efforts to collect the debt will resume.

Memorandum of Law in Support of Government's Objection to Defendant's Motion to Adjust Fine Payment ("Government's Mem.") at 6-7 (bold added). However, at the April 12, 2006, hearing the Government modified the above expression of agreement with Defendant. Assistant United States Attorney ("AUSA") Michael P.

---

of $700.00.

Iannotti stated that there were two parts to the $6,693.28 fine which the Court had imposed when Defendant was sentenced in January of 1999. See Tape of 4/12/06 hearing; see also Judgment in a Criminal Case ("Judgment") at 5. One part of the fine, according to AUSA Iannotti, was to pay the cost of Defendant's supervised release for two years, which amounted to $5,993.28 ($249.72 cost of supervision per month x 24 months = $5,993.28), while the other part was a $700.00 monetary fine. See id. Together the two parts totaled $6,693.28. See id. According to AUSA Iannotti, interest on the part of the fine attributable to the cost of supervision is stayed while Defendant is in prison, but interest continues to accrue on the part of the fine attributable to the $700.00 monetary fine. See Tape of 4/12/06 hearing. AUSA Iannotti advised the Court that as of April 12, 2006, $642.12 is owed on the $700.00 fine of which $450.28 is principal and $191.84 is accrued interest ($450.28 (principal) + $191.84 (accrued interest) = $642.12).[4] See Letter to Martin, M.J., from Iannotti of 4/13/06.

At the hearing, Defendant disputed the Government's contention that a $700.00 fine had been imposed by Chief Judge Torres when he was sentenced. See Tape of 4/12/06 hearing. Defendant maintained that while there was a $700.00 special assessment, the only fine Judge Torres imposed was for the cost of his supervised release for two years and that amount was $5,993.28. See id. Therefore, according to Defendant, it was improper for the Government to assess interest on the $700.00 fine since that fine had not been imposed. See id.

The Court advised the parties that it would examine the

---

[4] At the April 12, 2006, hearing AUSA Iannotti indicated that the amount owed on the $700.00 fine as of that date was $649.12. See Tape of 4/12/06 hearing. However, he corrected this figure to $642.12 in a letter to the Court of April 13, 2006. See Letter to Martin, M.J., from Iannotti of 4/13/06.

documents in the file and attempt to obtain a transcript of the sentencing to resolve this dispute. The Court cautioned that because the records and transcript may not be readily available it could take as long as two months for the Court to issue this Report and Recommendation. The Court then took the matter under advisement.

**Discussion**

The Court notes initially that the Judgment supports the Government's position as expressed by AUSA Iannotti at the April 12, 2006, hearing. Page 5 of the Judgment reflects that Defendant was ordered to pay an assessment of $700.00 and a fine of $6,693.28. See Judgment at 5.[5] Page 5 further indicates that "[t]he above fine [of $6,693.28] includes costs of incarceration and/or supervision in the amount of $ 5,993.28," id., and that "[i]nterest on cost of supervised release is deferred until such time as the Defendant is released from imprisonment," id. Additionally, Page 6 of the Judgment states that $1,400.00 "of the total fine" is due immediately and the "balance" is due in equal monthly installments of $249.72 over a period of two years.[6] Judgment at 6. Since the "balance" is $5,993.28 ($249.72 cost of supervision per month x 24 months = $5,993.28), adding $1,400.00 to $5,993.28 makes the total amount which Defendant is required to pay $7,393.28. Thus, the Judgment does not support Defendant's contention that he was only ordered to pay a fine of $5,993.28 and a special assessment of $700.00 for a total of $6,693.28.

Clinching matters, the Court has obtained a partial transcript of Defendant's January 22, 1999, sentencing before

---

[5] A copy of page 5 of the Judgment is attached to this Report and Recommendation as Exhibit A.

[6] A copy of page 6 of the Judgment is attached to this Report and Recommendation as Exhibit B.

Judge Torres. The transcript reflects that Judge Torres ordered Defendant to pay the cost of supervised release for two years and that interest on this obligation was deferred until Defendant was released from prison. See Partial Transcript ("Part. Tr.") at 2.[7] More importantly, it also reflects that Judge Torres imposed a fine of $700.00 and a special assessment of $700.00. See id. at 3.

Based on the evidence discussed above, I find that Judge Torres imposed a $700.00 special assessment, a $700.00 fine, and a fine of $5,993.28 to cover the cost of Defendant's supervised release. Accordingly, Defendant's Motion should be denied, and I so recommend.

**Conclusion**

For the reasons stated above, I recommend that the motion to stay enforcement be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 28, 2006

Accepted in the absence of an objection.
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
Date: 5/23/06

---

[7] A copy of the Partial Transcript of Defendant's January 22, 1999, sentencing in United States v. Michael Amaral, CR 98-048 T, is attached to this Report and Recommendation as Exhibit C.

DEFENDANT: MICHAEL AMARAL
CASE NUMBER: 1:98CR00048-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 700.00 | $ 6,693.28 | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ ____________

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ 5,993.28 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived.

[ ] The interest requirement is modified as follows:

Interest on cost of supervised release is deferred until such time as the Defendant is released from imprisonment.

## RESTITUTION

[ ] The determination of restitution is deferred until ____________ . An Amended Judgment in a Criminal Case will be entered after such a determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ ____________ | $ ____________ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

EXHIBIT A

DEFENDANT: MICHAEL AMARAL
CASE NUMBER: 1:98CR00048-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☒ $ 1,400.00 immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than ________; or

D ☐ in installments to commence ______ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☒ in equal monthly *(e.g. equal, weekly, monthly, quarterly)* installments of $ 249.72 over a period of 2 year(s) to commence ~~xxxxxxx day(s) after the date of this judgment~~ upon Defendant's release from imprisonment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Interest on the cost of supervised release is deferred until such time as the Defendant is released from imprisonment.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

EXHIBIT B

**CR 98-048T USA V. MICHAEL AMARAL**

**EXCERPT**

I hereby commit you to the custody of the Bureau of Prisons for a period of 57 months on each of the seven counts of conviction, those sentences to be served concurrently with one another.

I'll ask the clerk to note on the Judgment of Conviction form that the Court recommends you be assigned to an institution that has a 500-hour substance abuse treatment program and that you be placed in one of those programs. That's on the assumption, as I said, that your problem stems from drug use. This will give you a chance to lick that problem, if that's the source of it. It's probably your last chance, Mr. Amaral. If you don't make good this time around, you're going to face a lot more serious problem in the future. And if you come back here, I've given you the benefit of the doubt once, and the next time around it's more likely going to be the top end of the guideline range. And the range is probably going to be a higher range.

Following completion of your prison sentence, I place you on supervised release for a period of six years. That's the maximum, because I think you're going to need some structure and some supervision. As

conditions of your supervised release, I'll require first of all, that you pay the cost of supervised release for the first two years only. Six years is a long time to be paying the cost of the supervised release. I realize that you don't have a lot in the way of assets now, or at least nothing that's been found or proven, but there's no reason when you get out of prison why you can't get employment and earn the money to pay the cost of that supervised release. In fact, it would be a good thing for you to do that.

I'll defer the interest on the supervised release obligation until you are released from prison, because until that time you obviously won't have a chance to get a job that will pay you that much. You will have an opportunity to work in prison.

As a further condition of your supervised release, I'll require that you spend 150 hours of community service in a program to be prescribed by the probation office, and that shall be completed also during the first two years of your supervised release.

As a final condition of your supervised release, I'll require that you undergo a program of substance abuse counseling, if the probation officer deems that necessary. I would hope that after 500 hours of a substance abuse treatment program in prison that that

wouldn't be necessary, but we'll make that determination when you're released.

The Court imposes a fine -- that supervised release will apply to each of the seven counts of conviction.

The Court will impose a fine in the amount of $100 per count for a total of $700. And the Court is required to impose a special assessment in the amount of $100 on each of the seven counts, also a total of $700.

You may be seated, Mr. Amaral.